**John W. Knottnerus**, OSB #892788
jknottnerus@mblglaw.com
**Stephen P. Yoshida**, OSB #044588
syoshida@mblglaw.com
MB LAW GROUP, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015

   Attorneys for Defendant Volkswagen Group
Of America, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| JULIANNA PADE,<br><br>             Plaintiff,<br><br>  v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation, and AUTO KINGS LLC, an Oregon corporation,<br><br>             Defendants. | Case No.  6:19-cv-01511<br><br>**NOTICE OF REMOVAL OF DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.** |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that Defendant Volkswagen Group of America, Inc. ("VWGoA"), by and through counsel, hereby removes the state court action entitled *Julianna Pade v. Volkswagen Group of America, Inc.*, *and Auto Kings LLC*, Circuit Court of Oregon, County of Deschutes, Case No. 19CV37531, to this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.  The grounds for removal are set forth below.

Page 1 -   NOTICE OF REMOVAL OF DEFENDANT VOLKSWAGEN
           GROUP OF AMERICA, INC.

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

## I. INTRODUCTION

1. This action arises out a July 25, 2018, single-vehicle accident in Deschutes County, Oregon. *See* Complaint, attached as **Exhibit A**. The accident occurred at approximately 2:00 am when a 2011 Volkswagen Jetta ("Subject Vehicle") being driven by Ms. Dayton Sauer ran off the road and struck a fence and one or more trees. Ms. Sauer was drunk at the time of the accident, and she was subsequently charged with multiple DUII-related criminal offenses. Plaintiff was an unbelted front seat passenger in the Subject Vehicle at the time of the accident. Plaintiff alleges that she was seriously injured during the accident when her face impacted the Subject Vehicle's front windshield.

2. Notwithstanding Plaintiff's and the driver's obvious fault, Plaintiff has filed a strict products liability action against VWGoA based on the theory that the Subject Vehicle was unreasonably dangerous and defective. Specifically, Plaintiff alleges that the Subject Vehicle was defective because the front passenger airbag did not deploy. **Exhibit A**, pp. 1-5. In addition, she alleges that VWGoA knew of this alleged defect, but failed to recall the product or issue adequate warnings. *Id.*

3. Plaintiff has also named as a defendant an Oregon resident, Auto Kings LLC ("Auto Kings"). The Complaint states that Auto Kings is a used vehicle dealer located in Bend, Oregon, and that Auto Kings allegedly sold the Subject Vehicle – used – to the driver, Ms. Sauer. **Exhibit A.**, ¶ 2; **Exhibit B**, Carfax report.[1] Plaintiff's Complaint alleges that Auto Kings is liable to Plaintiff for strict products liability. **Exhibit A.**, First Claim for Relief. That is the only claim

---

[1] As set forth below, the Court can look outside of the pleadings to determine diversity jurisdiction in cases involving a fraudulently joined resident defendant. The Carfax report for the Subject Vehicle shows that Auto Kings was the fourth-hand seller of the Subject Vehicle.

Page 2 -   NOTICE OF REMOVAL OF DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

referencing Auto Kings. Plaintiff does not allege any wrongdoing or actionable conduct by Auto Kings, let alone provide any legal or factual bases to impose strict products liability action against the fourth-hand seller of a used vehicle. *See Tillman v. Vance Equip. Co.*, 286 Or. 747, 755-56 (1979) (stating the general rule that sellers of used products are not strictly liable under Oregon law). Plaintiff has not stated a viable cause of action against Auto Kings and, based on the claim and allegations contained in the Complaint, she has no possibility of holding Auto Kings liable for her personal injuries. Therefore, Auto Kings is a fraudulently joined party and its citizenship should be disregarded for the purpose of determining diversity jurisdiction.

## II.     PROCEDURAL HISTORY

4.     Plaintiff filed the Complaint in Deschutes County Circuit Court on August 27, 2019, Case No. 19CV37531.

5.     The Summons and Complaint were served on VWGoA on August 30, 2019.

6.     Plaintiff's Complaint alleges two claims for relief: Products Liability (VWGoA and Auto Kings) and Negligence (VWGoA). The Complaint alleges that Auto Kings sold the vehicle used. **Exhibit A**, ¶ 2. The Complaint also alleges that the Subject Vehicle was not altered or modified from its original manufacture. **Exhibit A**., ¶ 5. Furthermore, all of the Complaint's allegations of fault and/or injury causation relate exclusively to the original design and manufacture of the Subject Vehicle's front passenger airbag. **Exhibit A**, ¶¶ 4-8, 13-14.

## III.     PAPERS FROM REMOVED ACTION

7.     Pursuant to 28 U.S.C. § 1446(a), all state court papers served on VWGoA at the time of removal, consisting of the summons and complaint, are attached as **Exhibit A**.

Page 3 -     NOTICE OF REMOVAL OF DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

8. No further proceedings have been had in the Circuit Court of Deschutes County, Oregon, as of the date of this Removal.

### IV.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

9. This is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1441, in that there exists complete diversity of citizenship between Plaintiff and VWGoA.

10. Defendant VWGoA, at all times material hereto, at the time of filing of the Complaint, and at the time of this Removal, was and is a New Jersey corporation organized under the laws of a State other than the State of Oregon.  VWGoA has its principal place of business in Virginia.

11. Plaintiff Julianna Pade is a citizen of the State of Oregon.

12. Based on the allegations in the Complaint, the amount in controversy, exclusive of interests and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a).  The Complaint prayer seeks $3,750,000 in damages, consisting of $750,000 in alleged economic damages and $3,000,000 in alleged noneconomic damages.  **Exhibit A**., p. 5.

13. Auto Kings is a fraudulently joined defendant and, therefore, Auto King's citizenship should be disregarded for the purposes of federal diversity jurisdiction. *Ritchley v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("Fraudulently joined defendants will not defeat removal on diversity grounds."); *see also*, 28 U.S.C. § 1441(b)(2) (only the citizenship of parties in interest *properly joined* is considered in determining if diversity requirements are met).

Page 4 -   NOTICE OF REMOVAL OF DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

14. A party seeking removal is entitled to present facts outside of the pleading to demonstrate that a resident defendant was fraudulently joined. *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018).

15. A fraudulently joined defendant is a resident defendant against whom the plaintiff has failed to state a cause of action and that failure is obvious under the settled rules of the state. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987). The Ninth Circuit has stated that fraudulent joinder will apply where there is no possibility that a state court could find the complaint stated a cause of action against the non-diverse defendant. *Grancare LLC,* 889 F.3d at 549 (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Courts have described fraudulent joinder to mean situations when "there is no reasonable basis in fact or colorable grounds supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Goldberg v. CPC Int'l, Inc.*, 495 F. Supp. 233, 239 (N.D. Cal. 1980) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)).

16. Plaintiff's Complaint does not state a viable claim against Auto Kings. Moreover, Plaintiff cannot possibly maintain a product liability claim against Auto Kings – the fourth-hand seller of a used car – under settled Oregon law. Oregon products liability law is governed by Or. Rev. Stat. § 30.920. The statute authorizes a cause of action against manufacturers, distributors and sellers regularly engaged in the business of selling a product if the product is sold in "a defective condition unreasonably dangerous to the user or consumer[,]" and if the "product is expected to and does reach the user or consumer without substantial change in the condition in which it is sold or leased." Or. Rev. Stat. § 30.920(1)(a)-(b). The Oregon Supreme Court has

Page 5 -   NOTICE OF REMOVAL OF DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

held that sellers of used goods are not strictly liable in tort for alleged defects created by the manufacturer. *Tillman*, 286 Or. at 755-56 ("[T]he sale of a used product, without more, may not be found to generate the kind of expectations of safety that the courts have held are justifiably created by the introduction of a new product into the stream of commerce."); *see also*, *Allstate Indem. Co. v. Go Appliances, LLC*, No. 05-1595, AA, 2006 WL 2045860, at *2 (D. Or. July 19, 2006) (relying on *Tillman* for the proposition that sellers of used products are not liable in tort for strict products liability, but determining that *Tillman* was distinguishable because the defendant – who sold a used refrigerator – installed a brand-new compressor component into the used refrigerator, which allegedly caused the subject fire). In this case, Plaintiff's Complaint expressly states that the Subject Vehicle was sold used and was not altered or modified from its original manufacture. **Exhibit A.**, ¶ 5. Plaintiff sued Auto Kings for an alleged defect existing in the original design or manufacture of the Subject Vehicle's airbag system. This type of claim is barred under *Tillman* and Plaintiff has no possible grounds for recovery against the used car dealer on the claim or facts alleged.

17.   Similarly, Plaintiff's Complaint contains no factual bases that would enable her to prevail on any possible alternative theory of recovery against Auto Kings. Auto Kings was the fourth-hand seller of a seven-year-old product.[2] **Exhibit B**. Based on the factual allegations of the Complaint, there is simply no connection between Auto Kings and Plaintiff's injuries or alleged damages. For example, the facts of the accident (a drunk and negligent driver who drove off the road and ran the vehicle into a fence and tree); the allegations of fault (failure to properly

---

[2] According to the Carfax report, the vehicle was sold new in 2011. It was originally re-sold in 2014. It was re-sold again in 2016. It was re-sold again to Auto Kings in April 2018. Auto Kings then sold the vehicle to the at-fault driver, Ms. Sauer, on or around June 2018.

Page 6 -   NOTICE OF REMOVAL OF DEFENDANT VOLKSWAGEN
GROUP OF AMERICA, INC.

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

design, manufacture, or warn regarding airbags), and the injury mechanism (an unbelted passenger propelled forward striking the inside of the vehicle during the crash) all have absolutely nothing to do with the duties or responsibilities of a used car dealer. Simply put, Plaintiff has no basis for suing Auto Kings. It appears Auto Kings was named in the Complaint solely to defeat diversity jurisdiction.

## V. REMOVAL IS TIMELY

18. VWGoA's Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a notice of removal must be filed within 30 days after a defendant receives, by service of process or otherwise, the initial pleading. Plaintiff's Complaint was served on VWGoA on August 30, 2019. This Notice of Removal is therefore timely as it is being filed within 30 days of VWGoA's receipt of a copy of the Complaint.

## VI. VENUE AND OTHER REQUIREMENTS ARE SATISFIED

19. The Circuit Court of the State of Oregon, County of Deschutes, is located in the District of Oregon, Eugene Division. Therefore, venue is proper because the District of Oregon is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

20. VWGoA is the only defendant not fraudulently joined. Thus, the fraudulently joined defendant, Auto Kings, is disregarded and need not consent to this removal for the purpose of determining diversity of citizenship. *United Comput. Sys., Inc. v. AT&T Corp*., 298 F.3d 756, 762 (9th Cir. 2002) (stating that the rule of unanimity does not apply to fraudulently joined parties).

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

21. Pursuant to the provisions of 28 U.S.C. § 1446(d), VWGoA will give adverse parties written notice of the filing of this Notice of Removal and shall file written notice of the filing of this Notice of Removal with the Circuit Court of the State of Oregon for the County of Deschutes.

DATED:  September 18, 2019.

MB LAW GROUP, LLP

  s/ John W. Knottnerus
John W. Knottnerus, OSB #892788
jknottnerus@mblglaw.com
Stephen P. Yoshida, OSB #044588
syoshida@mblglaw.com
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Fax: 503-914-1725

Attorneys for Defendant Volkswagen Group of America, Inc.

Page 8 -   NOTICE OF REMOVAL OF DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725